## Abraham Levi v. A. G. Penny.

Certain slaves were sequestered and bonded by intervenors, on the written consent of plaintiff's counsel that the slaves should be delivered to intervenors, "they having given bond for said negroes as co-administrators, the plaintiff being satisfied that the negroes would be forth-coming at the termination of the suit." A second writ of sequestration was granted for the reasons set forth in the first application and on motion it was dismissed.—*Held:* The second sequestration was properly dismissed—because, by the bond on file which the plaintiff approved, the property sequestered had been released, and no additional grounds had been shown to authorize the subsequent seizure of the same property.

APPEAL from the District Court of East Feliciana, *Ratliff,* J. *Muse & Hardee,* and *Mc Vea,* for plaintiff and appellant.    *G. S. Sawyer,* for defendant.

LEA, J. (MERRICK, C. J., recused himself.) In this case the defendant is sued upon certain promissory notes, secured by an act of mortgage, executed by him and bearing upon several slaves which have been seized under a writ of sequestration issued herein. The suit is brought against the defendant directly, in his own name, for a debt alleged to be due by him, which the plaintiff seeks to enforce upon property, as the petition sets forth, belonging personally to the defendant.

The defendant, appearing in his capacity of natural tutor of his minor children, moved the court to set aside and dissolve the sequestration on the ground: 1st. That the reasons set forth in the petition are insufficient to create any reasonable apprehension that the defendant intended to remove the said property out of the State; 2d. On the ground that the defendant did not intend to remove the slaves out of the State and that said *Levi* had no legal mortgage in said negroes, or that, if the same ever existed, it has been cancelled and annulled by the sale of the negroes at Sheriff's sale; 3d. That the negroes sequestered belong to the succession of *S. A. Penny,* the deceased wife of the defendant, and that they are held by the defendant in his capacity of natural tutor of her minor children and that the plaintiff should have proceeded by the hypothecary action.

It is further urged on behalf of the defendant that five of said slaves were the separate paraphernal property of said *S. A. Penny.*

The under tutor of the minor heirs of *S. A. Penny,* and one of the heirs of age (*Mrs. Foster*) also intervene and, joining in the motion to dissolve the writ, urge the further ground that there is no legal bond to serve as a basis of the writ, the same not being signed by the plaintiff, nor by any one authorized for him. At a subsequent period of the proceedings *Ann L. Foster* and her husband, appearing in the capacity of co-administrators of the estate of *S. A. Penny,* intervened, alleging title in the succession administered by them to the sequestered slaves and claiming the same. They join in the motion to dissolve and adopt and reiterate the grounds set forth by the defendant and under tutor. In the mean time however, on a motion to be allowed to bond the slaves, made by *Mrs. Foster* and husband as co-administrators of the succession of *Mrs. Penny,* the plaintiff's counsel gave their written consent that the slaves sequestered at plaintiff's suit should be delivered to *Foster* and wife, they "having given bond for said negroes as co-administrators, the plaintiff being satisfied that the

LEVI
*v.*
PENNY.

negroes would be forth-coming at the termination of the suit." Neither the bond nor a copy of it is on file, we must assume however, that it was such a bond as the law requires on the release of sequestered property, the plaintiff having admitted its existence and expressed himself satisfied therewith. Acting upon this consent, the property was released by the Sheriff.

But, subsequently thereto, the plaintiff filed another petition in which he alleges that for the reasons set-forth in his first petition he prays for an alias writ of sequestration, which was accordingly granted. It is unnecessary to recapitulate all the grounds urged by the co-administrators and by the defendant in support of the motion to set aside this second writ of sequestration.

We concur with the District Judge that the written consent of the plaintiff's counsel furnished a judicial recognition, (at least for all purposes affecting the legal custody of the slaves,) of the capacity of co-administrators and of their rights as third persons in possession, who had been permitted to bond property under sequestration after having furnished bond with satisfactory security as provided by law.

No new fact is set forth in the second petition showing any change in the condition of the parties which would justify a second resort to the conservatory process of the law. It has been urged that the written consent was not acted upon, that the property was not delivered to the co-administrators by the Sheriff, but to the defendant *Penny.* To meet this argument, it is sufficient to refer to the fact that the intervenors recognize their liability on the bond and claim the property in virtue of their possession under it. It cannot be pretended that they would not be liable upon the bond thus given and thus judicially recognized.

We think there was no sufficient ground for the issuance of the second writ. Under the pleadings and judicial admissions on file the possession of *Penny* must be considered that of the intervenors. As respects the proceedings had upon the first writ we think no action on the part of this court is required, the second writ alone was set aside by the decree of the court. The first writ as we understand the decree is maintained inasmuch as the property is ordered to be delivered up to the possession of the administrators of the succession of S. A. *Penny* to be held "according to the terms of the written consent of the plaintiff, to be found on file in this suit, of date of the 1st May, 1855, " and the appellees have not asked for any amendment of the decree in their favor.

We think this fact should however be so embodied in the decree as to relieve the parties from all uncertainty with reference to their respective rights.

It is, therefore, ordered that the decree appealed from be amended so as to read as follows :

It is ordered that the alias writ of sequestration issued herein be set aside and that the property sequestered by the Sheriff be delivered into the possession of J. *Foster* and wife, co-administrators of the estate of *Mrs. Sarah A. Penny*, deceased, to be held by them according to the terms of the written consent of the plaintiff on file, dated 1st May, 1855, and that the plaintiff pay all costs of proceedings incident to the said alias writ of sequestration, together with the costs of this appeal.